**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-CV—00876-STV

**SHELLEY D. LEAVY,**

Plaintiff

vs.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON n/k/a**
**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON and**
**SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEM, INC.,**

Defendants.

---

**SECONDED AMENDED COMPLAINT AND JURY DEMAND**

---

**COMES NOW** Plaintiff, by and through her attorney, A. Craig Fleishman of Mary Ewing Law Offices, PC, and files this Second Amended Complaint and demands a jury trial for the following claims for relief:

## GENERAL ALLEGATIONS

1. Plaintiff is a Colorado resident and at all times material hereto was employed by Sisters of Charity of Leavenworth Health Systems, Inc.

2. Defendant, Liberty Life Assurance Company of Boston (hereinafter "Liberty") is a foreign corporation with principal situs in Boston, Massachusetts and is a Massachusetts entity. It is subject to jurisdiction of this Court pursuant to USC 1132(a)(1)(B) to recover benefits under the subject Plan and Life Policy. The Court has subject matter jurisdiction over Plaintiff's claims against Liberty pursuant to 29 USC §§1132(a), (c), (e), (f), and (g). The amount in controversy exceeds jurisdictional limits and involves a federal question 28 USC 1132 and 1131.

3. Sisters of Charity of Leavenworth Health Systems, Inc. (herein referred to as "Health") does business in Colorado utilizing, at times, the trade name SCL Health. Health is a Kansas entity authorized to transact business in Colorado.

4. Plaintiff's Husband, Norman Douglas Ashford, passed away on January 3, 2019 while Plaintiff was an employee of Health. The autopsy report stated, in part, "undetermined natural cause" concerning cause of death.

5. At all times material hereto, Health offered to its employees certain benefits including a medical plan which is a self-issued plan through CIGNA and certain group life insurance benefits. Plaintiff was in insured at all times material thereto through a life policy for Sisters of Charity of Leavenworth Health System Policy Number SA3-860-061065-01. The aforesaid policy was and is through Liberty and is at times referred to herein as the "Plan".

6. Plaintiff selected SCH Health benefits for the year 2019 on October 25, 2018, including spousal life insurance of $150,000. See Annual Enrollment Summary "as of 01/01/209" and confirmation statement "Benefits Effective January 1, 2019." Said Application states, in part, that "coverage may require evidence of insurability". Such verbiage is not mandatory. A Confirmation Statement stating "Benefits Effective January 1, 2019" was sent to Plaintiff by SCL Health.

7. Plaintiff reasonably expected Health would facilitate her application for life insurance benefits in a timely and appropriate manner as done for her and other Health Employees with Liberty.

8. The day of Mr. Ashford's death, a letter was sent to Plaintiff by Liberty, postmarked four days after his death, seeking medical information related to the insurance application.

9. Plaintiff contacted Liberty on February 5, 2019 seeking the $150,000 benefits due her as beneficiary of the life insurance benefit for which she enrolled her husband. She was advised thereafter by Liberty that there was no insurance, and it blamed SCL Health for not timely getting enrollment information to Liberty. Plaintiff provided the medical information sought by Liberty post death of Mr. Ashford on January 21, 2019.

10. SCL Health had meetings thereafter with Plaintiff and advised her she needed to deal with Liberty related to her claim.

11. Thereafter, Health agreed orally to provide Plaintiff's counsel with its file concerning communications between it and Liberty concerning Plaintiff's insurance application at issue. Despite said oral commitment, Health failed to provide any such information although multiple written follow-up requests for same were sent to it thereafter.

12. Liberty sent several requests for completion of forms to Plaintiff after her husband's death, one on May 14, 2019 threatening to start an escheatment process with the State of Colorado if Plaintiff did not respond to this meritless and meaningless threat. She did respond to same.

13. Although Plaintiff, through her counsel, requested the $150,000 death benefits due from Liberty, it sent her a check for only $25,397.95 ($25,000 plus interest) which "represents full settlement of the Group Life Insurance Claim." Such was not the result of any settlement negotiations. It was not deposited. Said check is dated June 18, 2019, approximately five (5) months after Mr. Ashford's death. Mr. Ashford was not a designated beneficiary on Plaintiff's policy designations for $25,000.

14. On August 14, 2019, Plaintiff sent a written appeal to Liberty by fax and hard copy by US Postal Services in an attempt to remedy the wrongful denial/delay in processing and paying her $150,000 claim. Although Liberty's policy provides that an appeal submitted would

be ruled upon within 60 days, three (3) months passed with no response until Plaintiff's counsel contacted Liberty approximately November 19, 2019. Plaintiff's counsel was directed to only communicate with Health further.

15. Plaintiff's counsel requested in the November communication that all further communications be directed to him by Liberty as Plaintiff had counsel and sought Liberty's position whether the non-response related to the 60-day appeal timeframe was approval of same. Only thereafter did Liberty respond, outside the aforementioned 60-day timeframe, denying the appeal which denial was sent directly to Plaintiff with only a copy to Plaintiff's counsel. Administrative remedies have been exhausted.

16. Requests have been made, in writing, to Liberty for its file related to Plaintiff's claim. All such requests have been ignored contrary to statute 29 USC 1132.

17. In certain written statements to Plaintiff, post death of her husband, Health listed her husband as a beneficiary under Dependent Life Policy EOT but reduced coverage from $150,000 sought to $50,000. This was not requested by Plaintiff, nor the result of settlement negotiations.

18. Plaintiff's spouse was covered, at his death, by a Health Spousal Medical Plan with CIGNA. Such demonstrates his insurable medical status.

19. Pursuant to a request from Health, a copy of Mr. Ashford's medical records and the coroner's report were sent to Health at its request saying it would aid in evaluating the medical insurability of Mr. Ashford. No response was received from Health after it was provided voluminous medical records and the coroner's report at its request.

## **FIRST CLAIM FOR RELIEF**

20. Incorporated herein and made a part hereof are paragraphs 1 through 19.

21. Health, related to the matters set forth herein, acted as Plaintiff's agent for Plaintiff to act on behalf of Plaintiff in timely and fully submitting to Liberty all appropriate documentation to provide it with the information to process the application including $150,000 of life insurance coverage for Plaintiff's husband.

22. Health had the authority, power and right to act on behalf of Plaintiff related to the matters set forth herein.

23. Health materially breached its agency duty to Plaintiff, on information and belief, by failing to timely submit the appropriate information and documentation to Liberty and/or to seek payment from Liberty to Plaintiff under Health's Group Policy aforementioned.

24. Health's agency duties to Plaintiff included good faith, honesty, full disclosure and primacy of Plaintiff's interests over its own.

25. As a direct and proximate result of the breach of the agency contract afore described, Plaintiff has suffered damages of $150,000, plus attorney fees, costs and interest and potential expert fees.

**SECOND CLAIM FOR RELIEF**

26. Incorporated herein is each paragraph of Plaintiff's First Claim for Relief.

27. Implied in the agency contract/agreement between Plaintiff and Health was an implied duty of good faith and fair dealing which Health has breached as aforenoted by acts or omissions contrary to the agreed common purpose and the parties' reasonable expectations as aforenoted.

28. As a direct and proximate result of the breach by Health of the implied duty of good faith and fair dealing aforementioned, Plaintiff has suffered damages of $150,000 plus attorney fees, costs and interest and potential expert fees.

## THIRD CLAIM FOR RELIEF

29. Incorporated herein is each paragraph of Plaintiff's First and Second Claims for Relief and paragraphs 1-19.

30. Pursuant to 29 USCA 1132, Plaintiff is a beneficiary of the subject applied for life insurance policy aforenoted, and seeks appropriate and equitable relief against Liberty to enforce plan terms of the Plan referenced supra.

31. Plaintiff seeks disclosure of the information sought from the Liberty Plan administrator's representative sought by Plaintiff, through counsel in writing, which requests were ignored, pursuant to 29 USCA 1132.

## JURY DEMAND

Plaintiff hereby requests a trial to a jury of six.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, in the amount of $150,000 plus attorney fees, costs, interest, statutory fees and expert fees against Liberty.

Respectfully submitted this 10th day of April, 2020.

ATTORNEYS FOR PLAINTIFF

MARY EWING LAW OFFICES, PC

*s/A. Craig Fleishman*
Original signature on file