IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20cv00876

SHELLEY D. LEAVY,

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON n/k/a
LINCOLN LIFE ASSURANCE COMPANY OF BOSTON and
SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEM, INC.

Defendants.

# LINCOLN LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Liberty Life Assurance Company of Boston n/k/a Lincoln Life Assurance Company of Boston ("Lincoln") files this Answer to Plaintiff's Second Amended Complaint (the "Complaint") filed by Plaintiff Shelley D. Leavy ("Plaintiff"), and states as follows:

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits that Plaintiff was, at certain times, employed by Sisters of Charity of Leavenworth Health System, Inc. ("SCL Health"). Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania and that is licensed to do business in Colorado. To the extent that Paragraph 2 contains legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln further admits this Court has subject matter jurisdiction and that this action is

governed by ERISA, 29 U.S.C. § 1001 et seq. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. To the extent that the allegations contained in Paragraph 3 of the Complaint pertain to Defendant SCL Health, Lincoln is not required to respond.

4. Lincoln admits that documents and claim notes in the administrative record regarding Plaintiff's claim for benefits from the Life Plan under the Policy contain information concerning the death of Norman Douglas Ashford, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that, at certain times, SCL Health sponsored the Sisters of Charity of Leavenworth Health System, Inc. Group Life Insurance Plan (the "Life Plan"), to provide life insurance benefits to certain of its employees. Lincoln admits that Plaintiff was, at certain times, employed by SCL Health and a participant in the Life Plan. Lincoln admits that, at certain times, it was the insurer of benefits from the Life Plan through the Group Life Insurance Policy Number SA3-860-061065-01 (the "Policy") issued to SCL Health by Lincoln. Lincoln is without sufficient information regarding medical benefits offered by SCL Health, or any other plans through CIGNA, and accordingly, denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Lincoln admits that documents and claim notes in the administrative record regarding Plaintiff's claim for benefits from the Life Plan under the Policy contain information concerning the Plaintiff's election of benefits under the Life Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient information regarding health

benefits and documents maintained by SCL Health, and accordingly, denies all remaining allegations contained in paragraph 6 of the Complaint.

7. To the extent that the allegations contained in Paragraph 7 of the Complaint pertain to Defendant SCL Health, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that documents and claim notes in the administrative record regarding Plaintiff's claim for benefits from the Life Plan under the Policy contain information concerning the Plaintiff's election of benefits under the Life Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that documents and claim notes in the administrative record regarding Plaintiff's claim for benefits from the Life Plan under the Policy contain information concerning Plaintiff's communications with Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that the allegations contained in Paragraph 10 of the Complaint pertain to Defendant SCL Health, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. To the extent that the allegations contained in Paragraph 11 of the Complaint pertain to Defendant SCL Health, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits it sent letters dated February 20, 2019, April 10, 2019, and May 14, 2019, to Plaintiff, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff submitted a claim for benefits from the Life Plan under the Policy. Lincoln admits it sent a letter dated June 18, 2019, along with a payment for benefits, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it received a letter from Plaintiff dated August 14, 2019, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it sent letters to Plaintiff dated August 26, 2019, October 7, 2019, and November 15, 2019, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits it received a letter from Plaintiff's counsel dated November 19, 2019, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff's counsel dated November 21, 2019, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits it received a letter from Plaintiff dated August 14, 2019, and Lincoln refers to the letters themselves as the best evidence of their contents. To the extent that the allegations contained in Paragraph 14 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of the contents. Lincoln admits it sent letters to Plaintiff dated August 26, 2019, October 7, 2019, and November 15, 2019, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits it received a letter from Plaintiff's counsel dated November 19, 2019, and Lincoln refers to the letter itself as the best evidence of its

contents. Lincoln admits it sent a letter to Plaintiff's counsel dated November 21, 2019, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it received a letter from Plaintiff's counsel dated November 19, 2019, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that, prior to the November 19, 2019 letter from Plaintiff's counsel, Lincoln sent a letter to Plaintiff dated November 15, 2019, and a subsequent letter to Plaintiff's counsel dated November 21, 2019, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Life Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it received letters from Plaintiff's counsel dated November 19, 2019, December 4, 2019, and January 17, 2020. Lincoln admits it sent letters to Plaintiff's counsel dated November 21, 2019, December 6, 2019, and January 28, 2020, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent that the allegations contained in Paragraph 17 of the Complaint pertain to Defendant SCL Health, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln is without sufficient information regarding any medical benefits plans offered by SCL Health, or any other plans through CIGNA, in which Plaintiff or Plaintiff's spouse may have been participant, and accordingly, denies the allegations contained in paragraph 18 of the Complaint.

19. To the extent that the allegations contained in Paragraph 19 of the Complaint pertain to Defendant SCL Health, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

**FIRST CLAIM FOR RELIEF**

20. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 19 of the Complaint as though fully set forth in response to Paragraph 20 of the Complaint.

21.-25. To the extent that the allegations contained in Paragraphs 21 through 25 of the Complaint pertain to Defendant SCL Health, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 21 through 25 of the Complaint.

**SECOND CLAIM FOR RELIEF**

26. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 25 of the Complaint as though fully set forth in response to Paragraph 26 of the Complaint.

27.-28. To the extent that the allegations contained in Paragraphs 27 and 28 of the Complaint pertain to Defendant SCL Health, Lincoln is not required to respond.

**THIRD CLAIM FOR RELIEF**

29. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 28 of the Complaint as though fully set forth in response to Paragraph 29 of the Complaint.

30. To the extent that Paragraph 30 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that by this action, Plaintiff is seeking relief under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery from it. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. To the extent that Paragraph 31 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery from it. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

Lincoln denies that Plaintiff is entitled to a jury trial under ERISA and denies the Plaintiff is entitled to the relief requested in the Wherefore Paragraph of the Complaint. Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

For further defense, if such be necessary, Lincoln shows the Court as follows:

1. Plaintiff's Complaint fails to state a claim on which relief may be granted.

2. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

3. Plaintiff's claims are barred, in whole or part, under waiver, estoppel, unclean hands, and laches.

4. The standard of review by the District Court in this case should be whether Lincoln's decision was arbitrary and capricious, because the Policy and relevant plan documents contain sufficient discretionary language to invoke this standard.

5. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

6. Plaintiff is not entitled to a jury trial for the claims asserted by Plaintiff against Lincoln in the Complaint.

7. To the extent that Plaintiff seeks equitable relief under 29 U.S.C. § 1132(a)(3) from Lincoln, such claims are barred by the availability of a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B).

8. To the extent that Plaintiff brings claims against or seeks damages from Lincoln that are governed by laws other than ERISA, such claims and damages are preempted by ERISA.

9. To the extent that Plaintiff has attempted to raise a claim against Lincoln under 29 U.S.C. § 1132(c) or 29 U.S.C. § 1024(b)(4), Plaintiff has failed to state such a claim as Lincoln is not an administrator or entity from which Plaintiff may state such a claim. Alternatively, Plaintiff has failed to state such a claim as Plaintiff timely received all documents upon which such a claim

against Lincoln could be based. Alternatively, Plaintiff has failed to state such a claim as Plaintiff has not established that any failure to provide documents resulted in prejudice to Plaintiff.

10. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

11. Lincoln reserves the right to assert additional defenses based on discovery in this action.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein, and grant Lincoln such other and further relief as the Court deems proper.

Respectfully submitted,

*/s/ Iwana Rademaekers*

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

COUNSEL FOR DEFENDANT LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

***Counsel For Plaintiff:***
A. Craig Fleishman
E-mail: Craig.Fleishman@MaryEwingLaw.com

***Counsel for Defendant Sisters of Charity of Leavenworth Health System, Inc.***
Andrew David Ringel, Esq.
Email: ringela@hallevans.com
Kendra K. Smith, Esq.
Email: smithk@hallevans.com

/s/ *Iwana Rademaekers*
Iwana Rademaekers