IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00876-DDD-STV

SHELLEY D. LEAVY,

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON n/k/a
LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, and
SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEMS, INC.,

Defendants.

---

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND FROM DEFENDANT SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEMS, INC.**

---

Defendant Sisters of Charity of Leavenworth Health Systems, Inc., by and through its counsel, Andrew D. Ringel, Esq. and Kendra K. Smith, Esq. of Hall & Evans, L.L.C., hereby respectfully submits this Answer to Plaintiff's Second Amended Complaint and Jury Demand [ECF 20], as follows:

**<u>GENERAL ALLEGATIONS</u>**

1. Defendant Sisters of Charity of Leavenworth Health Systems, Inc. ("SCL Health") admits Plaintiff Shelley D. Leavy is an employee of SCL Health at Lutheran Medical Center.

2. SCL Health admits this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the Plaintiff's claims against the Defendants arise under the Employment Retirement Income and Security Act ("ERISA"), 29 U.S.C. §§ 1001

*et seq.*[1] SCL Health denies the remaining allegations in paragraph 2 of Plaintiff's Second Amended Complaint and Jury Demand ("Plaintiff's Second Amended Complaint").

3. SCL Health admits it is a nonprofit corporation under Kansas law. SCL Health admits it conducts and is authorized to conduct business in Colorado. SCL Health admits it uses the trade name SCL Health. SCL Health denies the remaining allegations in paragraph 3 of Plaintiff's Second Amended Complaint.

4. SCL Health admits upon information and belief Norman Douglas Ashford was the Plaintiff's husband. SCL Health admits upon information and belief Mr. Ashford died on January 3, 2019. SCL Health states the autopsy report dated February 8, 2019, from the Jefferson County Coroner's Office in its entirety speaks for itself. SCL Health denies the allegations in paragraph 4 of Plaintiff's Second Amended Complaint inconsistent therewith. SCL Health denies the remaining allegations in paragraph 4 of Plaintiff's Second Amended Complaint.

5. SCL Health admits it offers benefits to its employees. SCL Health states its employee benefits plans are subject to ERISA. SCL Health admits it is the sponsor of Policy Number SA3-860-061065-01 issued by Liberty Life Assurance of Boston ("Liberty Life") with an effective date of April 1, 2018. SCL Health states the Certificate of Coverage for Policy Number SA3-860-061065-01 issued by Liberty Life with an effective date of April 1, 2018 ("the Plan"), in its entirety speaks for itself. SCL Health denies the

[1] After the filing of the Plaintiff's Second Amended Complaint and Jury Demand, counsel for SCL Health contacted counsel for the Plaintiff, A. Craig Fleishman, Esq., and Mr. Fleishman represented to counsel for SCL Health that Plaintiff's claims against SCL Health were brought pursuant to ERISA.

allegations in paragraph 5 of Plaintiff's Second Amended Complaint inconsistent therewith. SCL Health the Plan is an ERISA plan. SCL Health admits Plaintiff had life insurance pursuant to the terms of the Plan. SCL Health denies the remaining allegations in paragraph 5 of Plaintiff's Second Amended Complaint.

6. SCL Health admits Plaintiff made an election during open enrollment in 2018 for benefits year 2019 for spousal life insurance for Mr. Ashford under the Plan. SCL Health states the open enrollment documents completed by the Plaintiff and sent to the Plaintiff in their entirety speak for themselves. SCL Health denies the allegations in paragraph 6 of Plaintiff's Second Amended Complaint inconsistent therewith. SCL Health states the terms of insurability under the Plan speak for themselves. SCL Health states the amount of spousal life insurance coverage selected by Plaintiff for Mr. Ashford under the terms of the Plan required an insurability determination by Liberty Life. SCL Health states no insurability determination was made by Liberty Life prior to Mr. Ashford's death. SCL Health states because no insurability determination was made by Liberty Life for Mr. Ashford, the life insurance benefits available under the terms of the Plan were limited to $25,000.00. SCL Health states any Confirmation Statement sent to Plaintiff in its entirety speaks for itself. SCL Health denies the allegations in paragraph 6 of Plaintiff's Second Amended Complaint inconsistent therewith. SCL Health denies the remaining allegations in paragraph 6 of Plaintiff's Second Amended Complaint.

7. SCL Health states it processed the open enrollment request made by the Plaintiff for spousal life insurance for Mr. Ashford in appropriate and timely fashion in the course of the manner in which SCL Health processed all open enrollments for the 2019

benefits year. SCL Health denies the remaining allegations in paragraph 7 of Plaintiff's Second Amended Complaint.

8. SCL Health is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's Second Amended Complaint and therefore denies same.

9. SCL Health is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Second Amended Complaint and therefore denies same.

10. SCL Health admits Plaintiff met with, talked to, and corresponded with representatives of SCL Health related to the spousal life insurance issue on multiple occasions.

11. SCL Health admits counsel for the Plaintiff requested documents from SCL Health. SCL Health states the requested documents will be provided to counsel for the Plaintiff, if available, pursuant to SCL Health's obligations under Fed. R. Civ. P. 26 with its initial disclosures. SCL Health denies the remaining allegations in paragraph 11 of Plaintiff's Second Amended Complaint.

12. SCL Health is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Second Amended Complaint and therefore denies same.

13. SCL Health states the terms of insurability under the Plan speak for themselves. SCL Health states the spousal life insurance coverage selected by Mr. Ashford under the terms of the Plan required an insurability determination by Liberty Life.

SCL Health states no insurability determination was made by Liberty Life prior to Mr. Ashford's death. SCL Health states because no insurability determination was made by Liberty Life for Mr. Ashford, the benefits available under the terms of the Plan were limited to $25,000.00. SCL Health states any correspondence and any check sent by Liberty Life to Plaintiff in their entirety speak for themselves. SCL Health denies the allegations in paragraph 13 of Plaintiff's Second Amended Complaint inconsistent therewith. SCL Health is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13 of Plaintiff's Second Amended Complaint and therefore denies same.

14. SCL Health is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Second Amended Complaint and therefore denies same.

15. SCL Health is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's Second Amended Complaint and therefore denies same.

16. SCL Health is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of Plaintiff's Second Amended Complaint and therefore denies same.

17. SCL Health states any unidentified "certain written statements" from any representative of SCL Health to Plaintiff speak for themselves. SCL Health denies the allegations in paragraph 17 of Plaintiff's Second Amended Complaint inconsistent therewith. SCL Health denies it has the responsibility to interpret the terms of the Plan

and states the interpretation of the Plan is the responsibility of Liberty Life not SCL Health under the terms of the Plan. SCL Health denies the remaining allegations in paragraph 17 of Plaintiff's Second Amended Complaint

18. SCL Health admits Mr. Ashford was covered under the group medical policy for SCL Health employees and dependents. SCL Health states the determination of insurability under the group medical policy and the insurability for spousal life insurance under the Plan constitute entirely different inquiries and are subject to the specific and different terms of the group medical policy and the Plan. SCL Health denies the remaining allegations in paragraph 18 of Plaintiff's Second Amended Complaint.

19. SCL Health admits counsel for the Plaintiff provided medical records and coroner's records concerning Mr. Ashford to SCL Health. SCL Health denies the remaining allegations in paragraph 19 of Plaintiff's Second Amended Complaint.

## FIRST CLAIM FOR RELIEF

20. SCL Health incorporates herein by reference its responses to the allegations in paragraphs 1-19 above as its response to the allegations in paragraph 20 of Plaintiff's Second Amended Complaint as if fully set forth herein.

21. SCL Health states any determination of whether SCL Health acted as an agent for the Plaintiff for any purpose is a determination of law not requiring any response from SCL Health. To the extent a response is required, the allegation is denied. SCL Health states it processed the open enrollment request made by the Plaintiff for spousal life insurance for Mr. Ashford in appropriate and timely fashion in the course of the manner in which SCL Health processed all open enrollments for the 2019 benefits year. SCL

Health denies the remaining allegations in paragraph 21 of Plaintiff's Second Amended Complaint.

22. SCL Health states any determination of whether SCL Health acted as an agent for the Plaintiff for any purpose is a determination of law not requiring any response from SCL Health. To the extent a response is required, the allegation is denied. SCL Health states it processed the open enrollment request made by the Plaintiff for spousal life insurance for Mr. Ashford in appropriate and timely fashion in the course of the manner in which SCL Health processed all open enrollments for the 2019 benefits year. SCL Health denies the remaining allegations in paragraph 22 of Plaintiff's Second Amended Complaint.

23. SCL Health denies the allegations in paragraph 23 of Plaintiff's Second Amended Complaint.

24. SCL Health denies the allegations in paragraph 24 of Plaintiff's Second Amended Complaint.

25. SCL Health denies the allegations in paragraph 25 of Plaintiff's Second Amended Complaint.

## SECOND CLAIM FOR RELIEF

26. SCL Health incorporates herein by reference its responses to the allegations in paragraphs 1-25 above as its response to the allegations in paragraph 26 of Plaintiff's Second Amended Complaint as if fully set forth herein.

27. SCL Health denies the allegations in paragraph 27 of Plaintiff's Second Amended Complaint.

28. SCL Health denies the allegations in paragraph 28 of Plaintiff's Second Amended Complaint.

**THIRD CLAIM FOR RELIEF**

29-31. Plaintiff's Third Claim for Relief is not brought against SCL Health. Accordingly, SCL Health has no obligation to answer any aspect of this claim for relief. To any extent any of the allegations in paragraphs 29-31 of Plaintiff's Second Amended Complaint can be construed as applying to SCL Health they are denied.

**JURY DEMAND**

SCL Health denies a jury trial is appropriate under ERISA as a matter of law.

**PRAYER FOR RELIEF**

SCL Health denies all the allegations following the word "Wherefore" on page 6 of Plaintiff's Second Amended Complaint and denies Plaintiff is entitled to any of the relief sought in the Plaintiff's Second Amended Complaint.

**GENERAL DENIAL**

SCL Health denies each and every allegation contained in Plaintiff's Second Amended Complaint not specifically admitted herein.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted against SCL Health.

2. SCL Health is not a proper party for some or all of the Plaintiff's claims.

3. Plaintiff's claims, in whole or in part, are preempted by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* and any claims advanced by the Plaintiff are subject to ERISA.

4. Plaintiff has failed to mitigate her damages, if any, as required by law.

5. Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the applicable group life insurance plan, all plan documents, all related documents, and ERISA.

6. Plaintiff is ineligible for any additional benefits above $25,000.00 under the terms of the applicable life insurance policy and plan documents.

7. Plaintiff's claim for additional benefits above $25,000.00 was properly excluded or limited from coverage under the terms of the applicable life insurance policy and plan documents.

8. Plaintiff's claims may be barred by failure of conditions precedent.

9. Plaintiff is not entitled to attorneys fees and costs under ERISA or any other relief which has been requested as SCL Health's actions and defenses were reasonable and are advanced in good faith.

10. This Court's review in this case is limited to determining whether the determinations of the claims administrators and decision-makers in this case are supported by substantial evidence, a reasonable interpretation of the relevant plan documents and ERISA, and were not arbitrary, capricious or an abuse of discretion based on the record before Liberty Life.

11. Any alleged representations made by representatives of SCL Health were expressions of opinion and not statements of fact and were not made as interpretations of any applicable life insurance policy or plan documents.

12. Plaintiff is not entitled to discovery under ERISA as a matter of law.

13. Plaintiff is not entitled to a trial by jury under ERISA as a matter of law.

14. SCL Health incorporates herein by reference any defense or affirmative defense advanced by any other Defendant in this matter as applicable to SCL Health.

15. SCL Health reserves the right to add and/or delete any applicable defenses and affirmative defenses once additional investigation has occurred in this matter.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint and Jury Demand, Defendant Sisters of Charity of Leavenworth Health Systems, Inc. respectfully requests the Plaintiff's claims against this Defendant be denied in their entirety and dismissed with prejudice, and this Defendant be awarded its costs, attorneys fees, and whatever other and further relief this Court deems just and proper.

Dated this 24th day of April, 2020.

Respectfully submitted,

s/ Andrew D. Ringel
Andrew D. Ringel, Esq.
Kendra K. Smith, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3300
Facsimile: (303) 628-3368
Email: ringela@hallevans.com
smithk@hallevans.com

**ATTORNEY FOR DEFENDANT SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEMS, INC.**

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 24th day of April, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Iwana M. Rademaekers, Esq.
iwana@rademaekerslaw.com

A. Craig Fleishman, Esq.
Craig.Fleishman@MaryEwingLaw.com

s/ Nicole Marion, Legal Assistant at
Hall & Evans, L.L.C.