IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00876-DDD-STV

SHELLEY D. LEAVY,

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON n/k/a
LINCOLN LIFE ASSURANCE COMPANY OF BOSTON and
SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEM, INC.

Defendants.

---

**[PROPOSED] CIVIL CASE SCHEDULING ORDER IN AN ERISA ACTION**

---

The parties submit the following proposed scheduling order this case under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA").

**1. Jurisdiction.** The parties agree that ERISA governs this case. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e)(1) & 1132(f). Venue is proper before the Court pursuant to 28 U.S.C. § 1391(a) & (b) and 29 U.S.C. §1132(e)(2).

**2. Consent.** All parties have ___ have not _X_ consented to the exercise of jurisdiction of a Magistrate Judge.

**3. Scheduling Conference.** The Scheduling Conference may be vacated provided the parties file at least seven (7) days in advance of the Conference a joint motion attaching their proposed ERISA Scheduling Order and requesting the Court vacate the Scheduling Conference.

**4.** **Standard of Review.** All Defendants agree that the Court will decide the case under the arbitrary and capricious standard of review as the relevant policy contains sufficient language to invoke that standard. Plaintiff does not agree and believes the Court should consider de novo as the standard for review and determine same after discovery.

**5.** **Discovery.** Unless the parties have indicated in section 4 above that they do not need discovery, they may serve discovery requests consistent with the principles that the Tenth Circuit has established in *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010) (arbitrary and capricious standard of review); *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303 (10th Cir. 2010), *cert. denied*, 553 U.S. 1079 (2008) (*de novo* standard of review). If the parties disagree over the permissibility of any discovery request, they will attempt to resolve the dispute by conferring pursuant to D.C.COLO.LCivR 7.1.A. If the parties cannot resolve their dispute, the parties then will bring the dispute before the Court for resolution. The deadline for submission of any motion regarding discovery is **July 31, 2020**. This provision is not intended to alter any judicial officer's practice standards regarding the filing of discovery motions.

**6.** **Settlement.**

(a) Lincoln Life Assurance Company of Boston and Sisters of Charity of Leavenworth Health System, Inc. certify that, as required by Fed. R. Civ. P. 26(f), the parties have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution, including consideration of Plaintiff's demand, discussion and consideration of a proposed mediator, and a discussion with Plaintiff's counsel regarding the merits of the case.

(b) Plaintiff's position is that there were no meaningful settlement discussions. No offer was forthcoming from Sisters of Charity. All parties have stated a willingness to agree to mediation. Counsel for Plaintiff suggested utilizing JAG or JAMS. Both are acceptable to Plaintiff. No settlement offer was made by Liberty other than the replacement of a stale check, which was, from Plaintiff's perspective a non offer. Plaintiff suggests Justice Neighbors or Judge Meyer from JAG. From JAMS Judge Leopold.

(c) The Court directs the parties to file a status report concerning settlement five business days prior to the deadline for filing the opening brief on the merits.

**7. Proposed Schedule.--**The parties propose the following schedule in this case:

(a) May 15, 2020

(i) Lincoln Life Assurance Company of Boston will produce the bates stamped administrative record, which includes all communications between it and Plaintiff or between it and Sisters of Charity of Leavenworth Health System, Inc., along with the long-term disability benefits policy to all parties; and

(ii) Plaintiff and Sisters of Charity of Leavenworth Health System, Inc. will produce to all parties all documents containing communications among the parties.

(b) July 31, 2020 Discovery cut off.

(c) September 4, 2020 Deadline for motion to supplement the administrative record.

(d) October 2, 2020 Defendants submit copy of the administrative record to the Court.

(e) November 16, 2020 Plaintiff's opening brief on the merits.

(f) December 18, 2021 Defendants' response brief on the merits.

(g) January 15, 2021 Plaintiff's reply brief on the merits.

(h) January 25, 2021 Joint Motion for Determination.

DATED this ___day of May, 2020.

BY THE COURT:

____________________________________

APPROVED.

*/s/ A. Craig Fleishman*
A. Craig Fleishman
MARY EWING LAW OFFICES, PC
3601 S. Pennsylvania St.
Englewood, CO 80113
PH: (303) 761-1400
E-mail: Craig.Fleishman@MaryEwingLaw.com

***Counsel for Plaintiff Shelley D. Leavy***

*/s/ Andrew D. Ringel*
Andrew D. Ringel
Kendra K. Smith
HALL & EVANS, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
PH: 303-628-3300
Email: ringela@hallevans.com
smithk@hallevans.com

***Counsel for Defendant Sisters of Charity of Leavenworth Health System, Inc.***

*/s/ Iwana Rademaekers*
Iwana Rademaekers, Esq.
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Email: iwana@rademaekerslaw.com

***Counsel for Defendants The Lincoln National Life Insurance Company and Lincoln Life Assurance Company of Boston***